<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ETHICON, INC. and MEDICAL DEVICE BUSINESS SERVICES, INC., | |
| Plaintiffs, | Case No. 2:20-cv-13524 (BRM) (JBC) |
| v. | **OPINION** |
| BRANDON RANDALL, | |
| Defendant. | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a motion filed by Plaintiffs Ethicon, Inc. ("Ethicon") and Medical Device Business Services, Inc. ("DePuy Synthes" and collectively with Ethicon, "Plaintiffs") seeking to hold Defendant Brandon Randall ("Randall") in contempt for failure to comply with the Court's Order and Opinion dated May 28, 2021 (the "May Order" and the "May Opinion"). (ECF No. 62.) Randall opposed the contempt motion. (ECF No. 68.) Plaintiffs replied. (ECF No. 73.) Having reviewed the parties' submissions filed in connection with the motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Plaintiffs' Motion to Hold in Contempt is **DENIED**.

**I.     BACKGROUND**

The underlying facts are set forth at length in the May Opinion (ECF No. 53), which the Court incorporates by reference. The relevant procedural history is summarized as follows.

1

Plaintiffs commenced this litigation against Randall in this Court on September 29, 2020. (*Id*. at 5.) On October 17, 2020, Randall filed an action against Plaintiffs in the United States District Court for the District of Massachusetts (with the case number 1:20-cv-11870), seeking to have his Employee Secrecy, Intellectual Property, Non-Competition and Non-Solicitation Agreement (the "Agreement") with Plaintiffs declared void and unenforceable (the "First Massachusetts Action"). (*Id*. at 6.) With a Cross Motion to Enjoin Proceedings in the District of Massachusetts (the "Cross Motion"), Plaintiffs sought to enjoin the First Massachusetts Action by invoking the first-filed rule. (ECF No. 41 at 24.) The May Order granted the Cross Motion. (ECF No. 54 at 1.) After the May Order was issued, Randall commenced another action against Ethicon in a state court in Massachusetts (with the case number 1:21-cv-11109-GAO), which was then removed by Ethicon to the United States District Court for the District of Massachusetts (the "Second Massachusetts Action"). (ECF No. 62-1 at 8 & n.1; ECF No. 68 at 2 & n.1.) Also, on June 11, 2021, Randall filed a Motion for Reconsideration on the preliminary injunction granted in the May Order, without addressing the Cross Motion. (ECF No. 55.) In an Order dated July 26, 2021 (the "July Order"), the Court denied Randall's Motion for Reconsideration. (ECF No. 64.) On August 25, 2021, Randall filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit on the May Order and the July Order. (ECF No. 75.)

On July 19, 2021, Plaintiffs filed a Motion to Hold in Contempt against Randall, based on Randall's alleged failure to comply with the May Order and the May Opinion by filing the Second Massachusetts Action. (ECF No. 62.) On August 2, 2021, Randall opposed Plaintiffs' contempt motion. (ECF No. 68.) On August 9, 2021, Plaintiffs replied. (ECF No. 73.)

**II.   LEGAL STANDARD**

"Courts have inherent power to hold parties in civil contempt in order to enforce compliance with any order of the court or to compensate for losses or damages." *U.S. v. Ciampitti*, 669 F. Supp. 684, 687 (D.N.J. 1987) (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187 (1949)). In addition, the Court has the authority to impose sanctions "if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C).

> Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f)(2). "To prove civil contempt the court must find that (1) a valid court order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order." *John T. ex rel. Paul T. v. Del. Cty. Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003) (citation omitted).

"The Third Circuit requires the plaintiff to present 'clear and convincing evidence' to satisfy its heavy burden of showing that a defendant is guilty of civil contempt." *Measuring & Monitoring Servs. v. Watt Busters, Inc.*, Civ. A. No. 03-4820, 2006 U.S. Dist. LEXIS 36571, at *9 (D.N.J. June 5, 2006) (quoting *Schauffler on behalf of NLRB v. Int'l Longshoremen's Asso.*, 292 F.2d 182, 189–90 (3d Cir. 1961)). "Clear and convincing evidence" is a stringent standard that requires evidence "so clear, direct and weighty and convincing as to enable the fact-finder to come to a clear conviction without hesitancy, of the truth of the precise facts in issue." *N.J. Sports Prods. v. Don King Prods.*, 15 F. Supp. 2d 546, 551 (D.N.J. 1998) (quoting *Cruzan v. Dir., Mo. Dep't of Health*, 497 U.S. 261, 285 n.11 (1990)). "Ambiguities in the order should be resolved in favor of the party charged with contempt." *Id.* (citing *Harris v. City of Phila.*, 47 F.3d 1311, 1326 (3d Cir. 1995)).

**III.    DECISION**

Plaintiffs argue Randall violated both the spirit and intent of the May Order by filing the Second Massachusetts Action, in which Randall contends the May Opinion should have applied Massachusetts law in resolving his disputes with Plaintiffs and requests overturning the May Order. (ECF No. 62-1 at 22 & n.9.) Plaintiffs assert Randall seeks to enjoin Ethicon from enforcing the May Order in the Second Massachusetts Action, based on the following arguments that the Court already rejected in the May Opinion: (1) Ethicon was not a party to the Agreement; and (2) Ethicon and Randall did not enter into a new non-competition agreement when his reporting relationship changed in October 2019, which rendered the Agreement void under the governing Massachusetts law and public policy. (ECF No. 73 at 5.) Plaintiffs state the May Opinion has clarified: (1) this Court was the proper venue for the parties' dispute; (2) New Jersey law applied; and (3) Randall was prohibited from further pursuing the collateral proceedings in Massachusetts. (*Id*. at 10.) Plaintiffs maintain the reliefs that Randall requests in the Second Massachusetts Action are barred by the doctrine of collateral estoppel and the principles of comity. (ECF No. 62-1 at 23.) Randall counters the May Order does not prohibit Randall from filing the Second Massachusetts Action, which seeks a declaration of Randall's rights under Massachusetts law in light of the May Order. (ECF No. 68 at 5.) Randall explains Plaintiffs had only sought enjoining the First Massachusetts Action, which means Plaintiffs did not request and the Court did not order Randall be prohibited from adjudicating future claims relating to his status as a Massachusetts resident. (*Id*. at 5 n.3.) Randall insists the Second Massachusetts Action is a separate and distinct action based on claims that accrued after the May Order was entered. (*Id*. at 4.) The Court declines to hold Randall in contempt.

"[P]ersons may not be placed at risk of contempt unless they have been given specific

notice of the norm to which they must pattern their conduct." *Juliano v. ITT Corp.*, Civ. A. No. 90-1575, 1991 U.S. Dist. LEXIS 1045, at *8 (D.N.J. Jan. 22, 1991) (citations omitted). Even if "the defendants have violated the spirit of the injunctive [o]rder, but unless the actual terms of the [o]rder are violated, an adjudication [of] contempt would be improper." *Nutrisystems.com, Inc. v. Easthaven, Ltd.*, Civ. A. No. 00-4835, 2001 U.S. Dist. LEXIS 5372, at *4 (E.D. Pa. Mar. 30, 2001) (denying the plaintiff's contempt motion); *see also Conn. Gen. Life Ins. Co. v. Roseland Ambulatory Surgery Ctr. LLC*, Civ. A. Nos. 12-5941, 13-105, 2018 U.S. Dist. LEXIS 56573, at *17, 19 (D.N.J. Apr. 3, 2018) (declining to hold the defendants in contempt, because the plaintiff did "not me[e]t the applicable, stringent, clear and convincing standard" for finding contempt, even though "the [c]ourt suspect[ed] there were violations of at least the spirit (and in perhaps some cases the letter) of the protective orders"); *Peake v. Patterson*, Civ. A. No. 05-1687, 2007 U.S. Dist. LEXIS 76867, at *7 (M.D. Pa. Sept. 28, 2007) ("While counsel's conduct certainly violated the spirit of the [c]ourt's order and may even have violated certain laws, the [c]ourt cannot find that her conduct is in direct violation of the [c]ourt's orders. Accordingly, the [c]ourt will decline sanctions [against the defendant]."); *cf. In re Arthur Treacher's Franchise Litig.*, 689 F.2d 1150, 1157–58 (3d Cir. 1982) (affirming a contempt citation because the accused conduct violated "both the letter and spirit" of the underlying order).

Here, the actual language of the May Order is directed to enjoining the First Massachusetts Action, not the Second Massachusetts Action.[1] The May Order granted Plaintiffs' Cross Motion.

---

[1] Because the finding of contempt is based on a person's violation of a court order, not a court opinion, the Court declines to consult the May Opinion in the contempt determination here. *See Stryker v. Hi-Temp Specialty Metals, Inc.*, Civ. A. No. 11-6384, 2014 U.S. Dist. LEXIS 25640, at *3 (D.N.J. Feb. 27, 2014) ("The fact that the language [cited by the defendant in support of finding contempt] is in the [o]pinion, not the [o]rder, would make a finding of contempt even more tenuous—especially in light of the plain mandate in the [o]rder. In other words, [d]efendant's reading the [o]pinion and [o]rder together to enjoin the [plaintiff's accused conduct] does not

5

(ECF No. 54 at 1.) In the proposed order that Plaintiffs submitted accompanying the Cross Motion, Plaintiffs only requested enjoining the First Massachusetts Action, without mentioning any future litigation. (ECF No. 41-4 at 1.) In other words, the May Order's prohibition does not cover any future proceeding that Randall may institute.

Also, Randall commenced the Second Massachusetts Action in a state court. It was Ethicon that brought the action before the United States District Court for the District of Massachusetts. Because the May Order involves enjoining proceedings only in the District of Massachusetts, the Court declines to construe it as prohibiting Randall from commencing a state court proceeding. *See Atl. C. L. R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970) ("Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy.").

Therefore, Randall did not violate the actual terms of the May Order by filing the Second Massachusetts Action. Even if Randall violated the spirit of the May Order, it is insufficient for finding contempt. After all, the May Order's plain language is not broad enough to cover any violation of its spirit. *Cf. Marvel v. Snyder*, Civ. A. No. 99-442, 2003 U.S. Dist. LEXIS 11918, at *13 (D. Del. July 8, 2003) (providing one paragraph of a court order as "[a]ny disregard of the letter or spirit of this order shall result, without further notice, in a finding of contempt of court on the part of the offending counsel, and an order of appropriate sanctions").

Plaintiffs cite *McComb* and a number of out-of-circuit cases for the position that a violation of the spirit or intent of a court order is sufficient for finding contempt. (ECF No. 73 at 9–11 (citing

---

overcome the Third Circuit mandate that the 'resolution of ambiguities ought to favor the party charged with contempt.'" (quoting *Harris*, 47 F.3d at 1326)).

*McComb*, 336 U.S. at 192–93).) But this does not change the analysis. The Court declines to follow these out-of-circuit cases and finds *McComb* distinguishable. In *McComb*, the court held the respondents in civil contempt for violating a court decree that "directed respondents to obey" certain provisions of the Fair Labor Standards Act, based on the respondents' "continuing and persistent violations of the [a]ct." *McComb*, 336 U.S. at 191–92. The *McComb* court rejected the respondents' argument "that they ha[d] an immunity from civil contempt because the plan or scheme which they adopted was not specifically enjoined" by the decree. *Id*. at 192. The *McComb* court found the respondents' argument reflected "the necessity of decrees that are not so narrow as to invite easy evasion" and showed "[d]ecrees of that generality are often necessary to prevent further violations where a proclivity for unlawful conduct has been shown." *Id*. at 191–92 (citations omitted). In other words, the issue in *McComb* was on the proper scope of a court order, not the consequences of violating the order's spirit or intent. The *McComb* respondents were held in contempt for violating the actual terms of a court decree, whose general language did not render it invalid. In contrast, Randall did not violate the actual terms of the May Order, which speaks against holding Randall in contempt.

In reaching this decision, the Court has not fully addressed the propriety and merits of Randall's Second Massachusetts Action, which could be enjoined through appropriate procedures. *See Conn. Gen. Life*, 2018 U.S. Dist. LEXIS 56573, at *19 ("The denial of a contempt finding is no endorsement of [the defendant's] counsel's conduct."). Nevertheless, the Court must find Plaintiffs fail to meet the heavy burden of showing contempt on Randall's part.

IV. **CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion to Hold in Contempt is **DENIED**. An appropriate order follows.


**Date: September 9, 2021**                                              */s/ Brian R. Martinotti*
                                                                         **HON. BRIAN R. MARTINOTTI**
                                                                         **UNITED STATES DISTRICT JUDGE**